Nancy Steffen Rahmeyer, J.
I concur with the result, however, I write separately to express my disagreement with the majority opinion’s analysis regarding the exclusion of evidence of Durgan’s (Victim’s long-term boyfriend) past violent acts against Duck (“Victim”). The majority analysis finds that the proffered evidence was disconnected and remote and, thus, not admissible. I disagree. Only four people were, present at the time that Victim was shot; one of them was Victim’s boyfriend. Victim’s testimony included the fact that she had been using drugs on the night in question and was confused as to what actually happened. She initially did not want to cooperate with the police. Likewise, a second person at the scene was under the influence of heroin when she gave inconsistent statements as to what had transpired; and admitted she could not really remember what happened after she got sober. She admitted her reality was impaired at the time of the shooting.
Defendant’s theory of the case from the beginning was that Victim and Durgan made Defendant the scapegoat of the shooting. To support that contention, Defendant made an offer of proof concerning the violent nature of Victim and Durgan’s relationship. Specifically, Defendant wanted to be able to cross-examine Victim for “her bias, her prejudice, and her interests” in her testimony by introducing her.sworn statements that Durgan had-been violent with her as recently as four months prior to,the shooting. In her sworn petition to get an order of protection, Victim stated that Durgan had “[bjroke in by just walking in and was physical with me, fighting and cussing, and went into the kitchen, grabbed a box cutter, and cut his wrists.” She further stated in the petition that she was afraid of Durgan, that there was “an immediate and present danger of domestic violence” because he was “violent, harmed me .physically, paranoid schizophrenic, depressive, paranoid delusional, so he sees and hears things that aren’t there,” and *836 “[h]e’s abusive, paranoid schizophrenic, paranoid delusional, manic-depressive, long extensive violent rap sheet. I am in fear for our lives and want him to stay away from me at all times.” She admitted that the violence was escalating and that Dur-gan had previously tried to strangle her and hit her on her head. Victim further admitted that the order of protection was still in effect on the night that she got shot. The court denied the admission of the petition for the order of protection and the fact that an order of protection was granted.
“Generally, a defendant may introduce evidence tending to show that another person committed the charged offense, unless the probative value of the evidence is substantially outweighed by its costs, such as undue delay, prejudice or confusion.” State v. Benedict, 495 S.W.3d 185, 191 (Mo.App. E.D. 2016). An exception to that general rule then is the “direct connection” rule, which basically says you cannot “merely” show that another person had motive or opportunity, or the evidence is otherwise disconnected or remote AND there is no evidence that the other person committed an act directly connected to the offense because it has a tendency to confuse or misdirect the jury. Id. In other words, you cannot “cast bare suspicion on another person.” Id. I do not believe the “direct connection” rule applies in this case. The corpus delicti of a crime is “the substantial and fundamental fact or facts (as, in murder, actual death and its occurrence as a result of criminal agency) necessary to prove the commission of a crime[.]” Webster’s Third New International Dictionary Unabridged 511 (1986). Here, we have contradictory testimony from Victim and a third person present at the crime scene. We also have Durgan, another person, admittedly present at the crime scene. The evidence proffered certainly was relevant as to Victim’s bias, prejudice, and interests. The majority opinion hangs its hat on the language regarding “disconnected and remote.” The fact that a violent boyfriend was present on the day of the shooting is certainly not disconnected or remote. The jury should have been able to weigh the conflicting evidence and could have accepted all, none, or part of Victim’s testimony.[1]
Nonetheless, the court could have excluded the evidence on the basis that the probative value was substantially outweighed by its prejudice or confusion. Additionally, we review the exclusion of the evidence for prejudice. Although hindered by not being able to present his full cross examination of Victim, Defendant was able to question Victim about her relationship with Durgan. She admitted that their relationship had been off and on for years, that it was contentious and that he was violent with her. Defense counsel argued in closing argument that Durgan’s “presence haunts this case like a specter” and suggested that Victim and Durgan were using Defendant as a scapegoat. Because Defendant was able to adequately present his defense without the proffered evidence, I would find no prejudice and also deny the point.